# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARKADY SHAFIROVICH,<br><br>Plaintiff,<br><br>v.<br><br>DONALD JOHN TRUMP, *et al.,*<br><br>Defendants. | Case No. 1:20-cv-01343-DAD-EPG<br><br>**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS***<br><br>(ECF No. 2)<br><br>**ORDER DENYING MOTION TO APPOINT PRO BONO LAWYER WITHOUT PREJUDICE**<br><br>(ECF No. 3) |

    Plaintiff, Arkady Shafirovich, is proceeding *pro se* in this action. (ECF No. 1). On September 21, 2020, Plaintiff submitted an application to proceed *in forma pauperis* (ECF No. 2) and a motion to appoint a *pro bono* lawyer (ECF No. 3). For the reasons below, Plaintiff's motion to proceed *in forma pauperis* is GRANTED and Plaintiff's motion to appoint a *pro bono* lawyer is DENIED, WITHOUT PREJUDICE.

    With respect to Plaintiff's motion to proceed *in forma pauperis*, Plaintiff has made the requisite showing under 28 U.S.C. § 1915(a). Accordingly, Plaintiff's application to proceed *in forma pauperis* is GRANTED. As to the status of the complaint, Plaintiff is advised that pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of a *pro se* complaint filed *in forma pauperis* to determine whether it is legally sufficient under the applicable pleading standards. The Court must dismiss a complaint, or portion thereof, if the Court determines that the

1 complaint is legally frivolous or malicious, fails to state a claim upon which relief may be
2 granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §
3 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may
4 be granted to the extent that the deficiencies in the complaint can be cured by amendment. The
5 complaint will be screened in due course and Plaintiff will be served with the resulting order.

6      With respect to Plaintiff's motion for counsel, Plaintiff does not have a constitutional right
7 to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and
8 the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).
9 *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298, 109
10 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request
11 the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

12      Without a reasonable method of securing and compensating counsel, the court will seek
13 volunteer counsel only in the most serious and exceptional cases.  In determining whether
14 exceptional circumstances exist, the "district court must evaluate both the likelihood of success of
15 the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the
16 complexity of the legal issues involved." *Id*. (internal quotation marks and citations omitted).

17      In the present case, the court does not find the required exceptional circumstances.  Even
18 if it is assumed that Plaintiff is not well versed in the law and that Plaintiff has made serious
19 allegations which, if proved, would entitle Plaintiff to relief, Plaintiff's case is not exceptional.
20 The Court has conducted a brief review of Plaintiff's complaint and cannot find, at this point, that
21 Plaintiff is likely to succeed on the merits. In addition, based on a review of the record in this
22 case, the Court does not find that Plaintiff cannot adequately articulate Plaintiff's claims. *Id*.

23 \\\
24 \\\
25 \\\
26 \\\
27 \\\
28 \\\

Accordingly, it is HEREBY ORDERED THAT Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) be GRANTED and Plaintiff's motion to appoint *pro bono* counsel (ECF No. 3) be DENIED, WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated:  **September 24, 2020**          /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE