UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARKADY SHAFIROVICH,<br><br>        Plaintiff,<br><br>    v.<br><br>DONALD JOHN TRUMP, et al.,<br><br>        Defendants. | No. 1:20-cv-01343-DAD-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND AS FRIVOLOUS<br><br>(ECF NO. 1)<br><br>TWENTY-ONE DEADLINE |

Plaintiff Arkady Shafirovich ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this action. Plaintiff filed the Complaint commencing this action on September 21, 2020. (ECF No. 1). The Complaint brings claims alleging that he is subject to electromagnetic radiation. The Court finds that the Complaint is frivolous and recommends dismissing the complaint without leave to amend.

**I.    SCREENING REQUIREMENT**

As Plaintiff is proceeding *in forma pauperis*, the Court may screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

1  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

2  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

3  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual

4  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting

5  *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this

6  plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not

7  required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681

8  (9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal

9  conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

   Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal

11 pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that

12 pro se complaints should continue to be liberally construed after *Iqbal*).

13 **II.   ALLEGATIONS IN THE COMPLAINT**

14    Plaintiff's "Statement of Claim" reads as follows:

> The plaintiff is a so called Targeted Individual. The perpetrator [these are the defendants numbered 1 thru 6] installed chips into plaintiff's body and direct electromagnetic radiation (EMR) at him. Due to the chips plaintiff feels EMR and other people around him don't.
>
> With this EMR the perpetrators made plaintiff blind, deaf, broke his spine, gave him cancer, deep vein thrombosis and many other diseases.
>
> The perpetrator apply pressure to all organizations that could be helpful to plaintiff including defendants 7, 8 and 9. For example, GBLA interviewed the plaintiff for several hours preparing a case against the perpetrators. All of a sudden they stopped and stated that they would help me with any case except against the perpetrators.
>
> Another example. County Health Departments are obligated to establish a healthful environment. Every such department used to have a spectrum analyzer to detect and measure the EMR. But when the perpetrators started torturing people that piece of equipment disappeared from every county and then from the state as well.
>
> With respect to Sheriff the plaintiff does not know what kind of benefits he gets from those Federal Agencies. But the Sheriff does not provide any help to the plaintiff. Despite numerous reports of EMR, laser burning, theft and

> vandalism those reports never reached detectives. But the sheriff actively tried to prove that the plaintiff is crazy.
>
> It must be mentioned that the perpetrators recruited several neighbors to help perpetrators to conduct their activities.
>
> Besides EMR and laser burning the perpetrators do a lot of other nasty things. They control my phone and mail communications, they disconnect, intercept, etc. They constantly sit in my computer and remove the needed files. I am under 24/7 surveillance. My rights are violated every second.

(brackets in original).

Plaintiff names the following Defendants:

1) Donald John Trump, President of the United States
2) Paul M. Nakasone, Director, National Security Agency
3) Gina Cheri Walker Haspel, Director, Central Intelligence Agency
4) Christopher A. Wray, Director, Federal Bureau of Investigations
5) Chad F. Wolf, Acting Secretary, Department of Homeland Security
6) John Ratcliffe, Acting Secretary, Department of Homeland Security
7) Sandra Shewry, Acting Director, California Department of Health
8) Matthew Constatine, Director, Kern County Public Health Department
9) Estela Casas, Executive Director, Greater Bakersfield Legal Assistance
10) Donny Youngblood, Kern County Sheriff

### III. APPLICATION TO PLAINTIFF'S COMPLAINT

A complaint will be considered frivolous, and therefore subject to dismissal under § 1915(e)(2)(B), "where it lacks an arguable basis either in law or in fact." *Nietzke v. Williams,* 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992). A federal court cannot properly *sua sponte* dismiss an action commenced *in forma pauperis* if the facts alleged in the complaint are merely "unlikely." *Denton,* 504 U.S. at 33. However, a complaint may be properly dismissed *sua sponte* if the allegations are found to be "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.* at 32–33. If a case is classified as frivolous, "there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." *Lopez v. Smith,* 203 F.3d 1122, 1127 n. 8 (9th Cir. 2000).

3

Plaintiff's complaint is fanciful and fantastic, rather than unlikely. It alleges that a variety of federal government agents placed a chip in Plaintiff's body and direct electromagnetic radiation at him. Plaintiff's requested relief includes an order that "stop[s] the perpetrators to use laser burning against plaintiff[.]" (ECF No. 1 at 9). Although in some cases it may be difficult to judge whether a plaintiff's factual allegations are truly "fanciful," "fantastic," or "delusional" as opposed to merely "unlikely," this is not such a case. *See Denton*, 504 U.S. at 33. These allegations "rise[ ] to the level of irrational or the wholly incredible." *Id*. *See, Sameer v. Khera*, No. 1:17-cv-01748-DAD-EPG, 2018 WL 6338729, at *2 (E.D. Cal. Dec. 5, 2018), *appeal dismissed as frivolous*, No. 19-15011, 2019 WL 7425404 (9th Cir. Aug. 27, 2019) (dismissing the case with prejudice for lack of subject matter jurisdiction as "the only appropriate response" to "fanciful allegations" in complaint that "alleges the existence of a vast conspiracy bent on plaintiff's destruction"); *McGinnis v. Freudenthal,* 426 Fed. App'x 625, 628–29 (10th Cir.2011) (upholding dismissal of frivolous complaint alleging plaintiff was subjected to electromagnetic torture); *Ezike v. Na. R.R. Passenger Corp.,* 2009 WL 247838, at *1–3 (7th Cir. Feb.3, 2009) (remanding for dismissal of complaint alleging that plaintiff was the victim of a conspiracy involving various employers, the teamsters, people of Indian descent, AMTRAK police and armed secret agents); *Mendes v. United States,* 88 Fed. Cl. 759, 760–62 (Fed.Cl.), *appeal dismissed,* 375 Fed. App'x 4 (Fed.Cir.2009) (upholding dismissal of frivolous complaint alleging that "zealot, fanatical women" employed by the FBI and CIA used "laser beam technology" against plaintiff); *Ayres v. Obama,* 2013 WL 5754953, at *2 (D.Hawai'i Oct.22, 2013) (allegations that FBI implanted biochips in plaintiff and her family to turn them into "a living vegetable or a New World Order slave" were "so 'fantastic' and 'fanciful' as to be clearly baseless"); *Bivolarevic v. U.S. CIA,* 2010 WL 890147, at *1–2 (N.D.Cal. Mar.8, 2010) (court lacked jurisdiction over claims that CIA subjected plaintiff to "voice to skull technology" as a "mind control weapon"); *Strode v. Dep't of Defense,* 2004 WL 1572655, at *1–2 (W.D.N.Y. June 2, 2004) (dismissing paid complaint which alleged that government agents transmitted from their bodies "electomagnetic extremely low frequency radio energy from master satellites"); *O'Brien v. United States Dep't of Justice,* 927 F.Supp. 382, 384–85 (D.Ariz. 1995), *aff'd,* 76 F.3d

4

387 (9th Cir. 1996) (unpublished) (plaintiff alleged that various defendants including the United States Department of Justice, Ted Kennedy, Andy Williams, Johnny Mathis, Janet Reno, Neil Diamond, Nancy Reagan, the Phoenix Suns, Charles Barkley, the Arizona governor, the Arizona attorney general, and National Basketball Association Commissioner David Stern had assaulted the plaintiff using electronic and satellite equipment, contaminated the plaintiff with germs, and conspired to dictate whom she should marry; court dismissed the action for lack of subject matter jurisdiction because the allegations were "so bizarre and delusional that they [were] wholly insubstantial"); *Doran v. McGinnis,* 158 F.R.D. 383, 387–89 (E.D.Mich.1994) (dismissing paid complaint as frivolous, where plaintiff alleged prison officials implanted "telepathic mind control device" in his brain to control his mind and bodily functions).

Under the authority above, the Court finds Plaintiff's complaint is frivolous and recommends dismissal. Because a frivolous complaint cannot be cured, the Court recommends denying leave to amend.

## IV.  RECOMMENDATION AND ORDER

The Court has screened Plaintiff's first amended complaint and finds that it is frivolous.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's complaint be dismissed with prejudice without leave to amend; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\
\\\
\\\
\\\
\\\

1  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **September 30, 2020**      /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE